UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | |
|---|---|
| Elisha L. Fripp,<br>Plaintiff,<br><br>v.<br><br>Disney Worldwide Services, Inc. d/b/a<br>Disney Vacation Resorts,<br>Defendant. | CASE NO.: 9:25-cv-04067-RMG-MHC<br><br>**COMPLAINT**<br>**(Jury Trial Demanded)** |

The Plaintiff complaining of the Defendant would show unto this Honorable Court as follows:

1. This suit is brought, and jurisdiction lies pursuant to the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §2000e *et seq.,* for racial discrimination under Title VII of the Civil Rights Act of 1964, and the US Age Discrimination in Employment Act of 1967 ("ADEA"), as amended, 29 U.S.C. §621-634.

2. All conditions precedent to jurisdiction under § 706 of Title VII, 42 U.S.C. §2000e-5 have occurred or been complied with.

   a. A charge of employment discrimination on basis of age discrimination, racial discrimination, and retaliation was filed by the Plaintiff with Equal Employment Opportunity Commission ("EEOC").

   b. Notification of the Right to Sue was received from EEOC on or about March 3, 2025.

   c. This Complaint has been filed within 90 days of receipt of EEOC's Dismissal and Notice of the Right to Sue.

3. The Plaintiff, Elisha L. Fripp, is a citizen and resident of the State of South Carolina, and resides in Beaufort County, South Carolina.

4. All discriminatory employment practices alleged herein were committed within the State of South Carolina.

5. The Defendant, Disney Worldwide Services, Inc. d/b/a Disney Vacation Resorts, upon information and belief, is a foreign corporation organized in the State of Florida and operating under the laws of the State of South Carolina.

6. The Defendant is a "person" within the meaning of §701 Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e and the US Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. §621-634.

7. The Defendant is an industry that affects commerce within the meaning of the Civil Rights Act of 1964, 42 U.S.C. §2000e and the US Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. §621-634.

8. The Defendant employs fifteen (15) or more employees and is an "employer" within the meaning of §701 Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e and the US Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. §621-634.

9. The parties, matters and all things and matters hereinafter alleged are within the jurisdiction of the Court.

## STATEMENT OF FACTS

10. On or about June 7, 2023, the Plaintiff (African American) began working for the Defendant as the Food and Beverage GM.

11. The Plaintiff was forty-seven (47) years old at the time of the events and was an older employee as defined by the ADEA of 1967, as amended, 29 U.S.C. §630.

12. The Plaintiff was subjected to discrimination when her younger Caucasian co-workers would receive proper training for their positions, as well as giving them opportunities to train at the headquarters in Orlando, and Plaintiff was not.

13. The Plaintiff reported the discrimination to Human Resources, Candice Taylor, but nothing was ever done.

14. Not long after the Plaintiff's report, a younger Caucasian employee, Bryan Lee, approximately 25 years old, was given the training that was denied to Plaintiff, even though Mr. Lee was not qualified for the position and Plaintiff was.

15. Additionally, the Plaintiff would get into trouble for the things that Mr. Lee would do, even though she did not do it.

16. It was the duty of Defendant, by and through its agents, servants and/or employees, to prevent such acts of discrimination and behavior from occurring and to stop it once the behavior had been reported by the Plaintiff.

17. Plaintiff was then terminated on or about January 9, 2024. Following Plaintiff's termination, the Defendant gave her position to Mr. Lee a younger employee (under 40), with less experience.

**FOR A FIRST CAUSE OF ACTION**
**Violation of Age Discrimination in Employment Act**

19. The Plaintiff reiterates and realleges each and every allegation as if fully set forth herein.

20. Plaintiff was a member of a protected group on the basis of her age. Plaintiff was an employee for a position that she was qualified for and was an individual over forty (40) years old. Plaintiff was retaliated against and discharged from her position due to her age in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e and the ADEA of 1967, as amended, 29 U.S.C. §630.

21. Defendant was wanton, and intentional in the discrimination of the Plaintiff in the following particulars, to wit:

   a. In failing to promote or continue to employ Plaintiff due to her age;

   b. In retaliating against Plaintiff by terminating and showing disparate treatment against Plaintiff; and

   c. By Defendant hiring, training, and replacing the Plaintiff with a younger individual with less experience.

22. Defendant violated ADEA of 1967, as amended, 29 U.S.C. §630 by allowing the discrimination to exist in the workplace.

23. Plaintiff's age was a determining factor in the retaliation, disparate treatment and termination of the Plaintiff. But for the Plaintiff's age, she would not have been terminated.

24. As a direct and proximate result of the acts and practices of Defendant in the discrimination, retaliation, disparate treatment and wrongful discharge of Plaintiff from employment, the Plaintiff has suffered and continues to suffer from loss of income, loss of benefits, other past and future losses, and attorney fees and costs.

**FOR A SECOND CAUSE OF ACTION**
**Racial Discrimination - Title VII**

25. The Plaintiff reiterates and realleges each and every allegation as if fully set forth herein.

26. The Plaintiff associated with a member of a protected group on the basis of her race. The Plaintiff was terminated based on her association with an African American person in violation of Title VII of the Civil Rights Act of 1964, as amended 42 U.S.C. §2000e *et seq.*), and the Equal Employment Opportunity Act.

27. The Defendants were wanton, reckless and intentional in the discrimination of the Plaintiff in the following particulars, to wit:

    a. In failing to continue to employ Plaintiff due to her race or color;

    b. In showing preferential treatment by treating other non-African American with more favorable treatment; and

    c. In demonstrating a pattern of discriminatory treatment towards African American by making disparaging remarks to those who were in a protected class.

28. In failing to protect the Plaintiff from racial discrimination or preferential treatment, the Defendant acted with malice or reckless indifference to the federally protected rights set out under Title VII of the Civil Rights Act of 1964, as amended (42 U.S.C. §2000e *et seq*.) and the Equal Employment Opportunity Act.

29. The Defendant violated Title VII of Civil Rights Act of 1964, as amended (42 U.S.C. §2000e *et seq*.), and the Equal Employment Opportunity Act by allowing the racial discrimination and preferential treatment to exist in the workplace.

30. The Plaintiff's race or color were determining factors in the disparate treatment and wrongful discharge of the Plaintiff. But for the Plaintiff's race or color she would not have been terminated.

31. As a direct and proximate result of the Defendant's discrimination on the basis of race or color, the Plaintiff has suffered a loss of wages, benefits, and employment opportunities.

32. The Defendant's discrimination against the Plaintiff has caused, continues to cause, and will cause the Plaintiff to suffer substantial damages for pecuniary losses, embarrassment, humiliation, mental anguish, loss of enjoyment of life, and other nonpecuniary losses.

33. Due to the acts of the Defendant, its agents and employees, the Plaintiff is entitled to injunctive relief and/or civil damages, back wages, plus interest, payment for lost benefits, and reinstatement of benefits and front pay.

## FOR A THIRD CAUSE OF ACTION
### Violation of the ADEA and Title VII - Retaliation

34. The Plaintiff repeats and reiterates each and every allegation as if fully set forth herein.

35. As alleged above, Plaintiff complained to the Defendant on several occasions about racial and age discrimination.

36. That Plaintiff's complaints were made in good faith and constituted protected activity under Title VII of Civil Rights Act of 1964, as amended (42 U.S.C. §2000e *et seq*.) and the US Age Discrimination in Employment Act of 1967.

37. That shortly after making said complaints, the Defendant fired the Plaintiff, which is in violation of 42 U.S.C. §2000e-3.

38. The Defendant's stated reasons for retaliation and wrongful discharge were mere pretext for the retaliation against Plaintiff based on her engaging in protected activity.

39. The Plaintiff's reports of racial and age discrimination were determining factors in the retaliation and wrongful discharge of Plaintiff.  But for Plaintiff's reports of racial and age discrimination, she would not have been terminated.

40. The Defendant was wanton, reckless and intentional in the retaliation against the Plaintiff for engaging in protected activity.

41. That the aforesaid conduct of Defendant, its agents and servants, violates United States laws against retaliatory dismissal and was, in fact, retaliatory in nature and was in violation of Title VII of Civil Rights Act of 1964, as amended (42 U.S.C. §2000e *et seq*.) and the US Age Discrimination in Employment Act of 1967.

42. In failing to protect the Plaintiff from retaliation, the Defendant acted with malice or reckless indifference to the federally protected rights set out under Title VII of the Civil Rights Act of 1964, as amended (42 U.S.C. §2000e et seq.) and the US Age Discrimination in Employment Act of 1967.

43. The Defendant violated Title VII of Civil Rights Act of 1964, as amended (42 U.S.C. §2000e et seq.), and the Equal Employment Opportunity Act by allowing the retaliation to exist in the workplace.

44. That as a result of the above, Plaintiff has suffered damages in the form of lost back and future wages, income and benefits, expenses associated with finding other work, and has suffered severe psychological harm, emotional distress, anxiety, depression, inconvenience, mental anguish, loss of enjoyment of life, embarrassment, humiliation, loss to professional standing, character and reputation, physical and personal injuries, and further seeks attorney's fees and costs and prejudgment interest.

45. That the Defendant's actions as set forth above were undertaken intentionally, willfully, wantonly, recklessly, maliciously and with utter disregard for the federally protected rights of the Plaintiff, and therefore Plaintiff is entitled to recover punitive damages from the Defendant.

**REQUEST FOR RELIEF**

46. The Plaintiff reiterates and realleges each and every allegation as if fully set forth herein.

47. Due to the acts of the Defendant, Plaintiff suffered disgust, humiliation, embarrassment, shock and indignities, lost wages, loss of front pay, back pay and other work benefits.

48. That by reason of such wrongful acts of the Defendant, Plaintiff has been damaged in such an amount to be determined by the trier of fact.

WHEREFORE, Plaintiff prays for the following relief:

1. Judgment in favor of the Plaintiff and against Defendant for all causes of actions in an amount which is fair, just and reasonable, and for compensatory damages;

2. Prejudgment interest, costs and attorney fees as may be allowed by law;

3. Judgment in favor of the Plaintiff and against Defendant with back pay and associated benefits she would have earned with all lost or diminished benefits such date to be determined by said damages to be doubled;

4. Judgment in favor of the Plaintiff and against Defendant for front pay and any other work benefits he lost in an amount to be determined by the trier of fact said amount to be doubled; and

5. Judgment against Defendant, in such an amount of attorney fees, costs of this action and any other relief this Honorable Court deems allowable under law, and just and proper.

**WIGGER LAW FIRM, INC.**

*s/Jarrel L. Wigger*
Jarrel L. Wigger (Fed. ID# 6345)
Attorney for the Plaintiff
8086 Rivers Avenue, Suite A
North Charleston, SC  29406
(843) 553-9800

North Charleston, South Carolina
May 15, 2025.